IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NORMA JEAN SPENCER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:13cv334 |
| | ) | **Electronic Filing** |
| **CRYSTAL WATERS, INC.**, **THOMAS H. LOUGHRY**, **JOHN W. LOUGHRY**, **TLH COAL, CO.**, **JONATHAN D. CLARK**, **WJT ENTERPRISES**, **WILLIAM J. MCINTYRE**, and **GRAY ROCK, L.L.C.**, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

AND NOW, this 8th day of September, 2014, upon due consideration of defendants' motion to dismiss plaintiff's first amended complaint and the parties' submissions in conjunction therewith, IT IS ORDERED that [37] the motion be, and the same hereby is, denied. The portion of the motion seeking dismissal for failure to join an indispensable party under Rule 19 is denied with prejudice; all other aspects of the motion are denied without prejudice to raise - after the close of discovery - any advanced factual or legal basis for relief in a motion for summary judgment.

Defendants' efforts to establish that David Spencer is an indispensable party under Rule 19 are wide of the mark. As counsel for plaintiff represents in his capacity as counsel for David Spencer in the pending state proceedings in Indiana County and Washington County, Pennsylvania, David Spencer and plaintiff do not dispute plaintiff's claim to fifty percent (50%) of the royalties from the coal and stone extracted from the subject property and "David Spencer does not claim any interest in Plaintiff's 50% of the royalties." Further, David Spencer intends to pursue his own claims of a similar nature against defendants in the Washington County

proceeding. As both parties are pursuing legal recourse in separate forums and neither claims an interest in the other's proportional share of the royalties, there is no factual basis to support the proposition that David Spencer's ability to protect his interests in the coal agreements will as a practical matter be impeded or impaired by plaintiff proceeding with this action. See Davis Cos. v. Emerald Casino, Inc., 268 F.3d 477, 483–84 (7th Cir. 2001) (opining that "it is the absent party that typically must claim such an interest" and holding that joinder is unnecessary where the absent party denies any interest relating to the subject matter of the lawsuit); Morgan Guar. Trust Co. of N.Y. v. Martin, 466 F.2d 593, 597–98 (7th Cir.1972) (joinder not required where absent investment broker "never indicated any interest" in the money that was the subject of the contract dispute).

Furthermore, it is well-settled that the fact that a defendant may have to defend two or more actions for the same course of alleged wrongful conduct does not in itself subject that defendant to the risk of double, multiple or inconsistent obligations within the meaning of Rule 19(a)(1)(B)(ii). See St. Paul Fire and Marine Insurance Company v. Universal Builders Supply, 409 F.3d 73, 81 (2d Cir. 2005) ("where the insurer has not fully compensated the insured for its loss, 'either party may sue' without the presence of the other. [United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 381 (1949)]. In such a case, if joinder of the absent insured or insurer would deprive the court of jurisdiction over the subject matter of the action, the court may properly proceed in accordance with Rule 19 to adjudicate the rights of the suing plaintiff alone; the consequence is that the defendant 'may have to defend two or more actions on the same tort.' Aetna, 338 U.S. at 382"). As neither of the Spencers claim a right to the other's entitlement to fifty percent of the royalties from the coal and stone removed from the family farm, defendants' entanglement in two or three separate lawsuits for alleged fraudulent inducement and related tort

2

and contract claims underlying that removal is not a concern for which Rule 19 provides a remedy.

Resolution of the balance of the motion must await full development of the record. Defendants aptly note several cases where the gist-of-the-action doctrine has been applied to bar tort claims at this stage of the litigation. But those cases involved claims against a party to a contract. Although plaintiff seeks to establish her losses by reference to the royalties flowing from the signed coal agreement, save TLH Coal, Co., defendants are neither parties to that agreement nor sued as officers or directors of TLH Coal.

The trend in this jurisdiction has been to recognize the doctrine as barring tort claims, including fraud claims predicated on fraud in the inducement, where the duties and obligations of the parties are generated in the context of a contemplated contractual undertaking and then reduced to a binding agreement between the parties. See e.g. Vives v. Rodriguez, 849 F. Supp.2d 507, 516-521 (E.D. Pa. 2012) (outlining recent developments involving application of the doctrine and highlighting the nuanced distinction between fraudulent inducement claims that are predicated on duties that are independent of the parties' contractual undertakings and those that merely recast the contract claims by alleging a false intent to perform anticipated contractual duties in order to induce the plaintiff to enter the contract). This trend has been extended to agents and officers of a contracting party. See Oldcastle Precast, Inc. v. VPMC, Ltd., 2013 WL 1952090, *7-8 (E.D. Pa. May 13, 2013) (observing that the Third Circuit has employed an "overall relationship" approach in determining whether non-signatories still enjoy protection in any particular setting) (citing Williams v. Hilton Group PLC, 93 F. App'x 384, 387 (3d Cir. 2004) and Integrated Waste Solutions, Inc. v. Goverdhanam, 2010 WL 4910176, *1 (E.D. Pa. Nov. 30, 2010)). But as a review of this broad line of authority makes clear, application of the

3

doctrine is not reducible to a neat set of bright-line rules and the analysis appropriately can be conducted only on a sufficiently presented or developed record.

Moreover, while the federal courts routinely have applied the doctrine pursuant to Rule 12(b)(6) where its application can be definitively ascertained at the pleading stage, they have also stressed that a cautionary approach is necessary to assure it is not extended beyond its proper bounds. See Oldcastle Precast, 2013 WL 1952090 at *8 (declining to apply the economic loss doctrine as to tort claims against an alleged individual officer at the pleading stage because the plaintiff's complaint did not provide a sufficient understanding of that defendant's role in the consummation of the agreement) (collecting cases); Caudill Seed and Warehouse Co., Inc. v. Prophet 21, Inc., 123 F. Supp.2d 826, 834 (E.D. Pa. 2000) (highlighting the need for a cautionary approach in the use of the gist-of –the-action doctrine pursuant to a Rule 12(b)(6) motion) (citing Grode v. Mutual Fire Ins. Co., 623 A.2d 933 (Pa. Commw. Ct. 1993)); U.S. Claims, Inc. v. Saffren & Weinberg, LPP, 2007 WL 4225536, *12 (E.D. Pa. Nov. 29, 2007) ("In any event, courts have shown some reluctance to dismiss claims for fraud in the inducement or negligent misrepresentation early in the litigation.") (collecting cases).

Here, the doctrine is being invoked by defendants who were not contracting parties. Nor has it conclusively been established that they were in privity with the contracting parties. Furthermore, plaintiff was not a party to the agreement involving the removal of stone. Thus, whether defendants may avail themselves of such protection and limit recovery to the breach of contract claim(s) proceeding in Indiana County and/or Washington County is a question that must await development of the record.

The balance of alleged shortcomings highlighted by defendants fall short of the mark for essentially the same reasons. Plaintiff's allegations concerning the preconceived, pre-contract plan sufficiently set forth factual allegations from which the requisite elements of the conspiracy,

4

intentional interference and conversion claims can be inferred.  See Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008) ("[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element ... [and provides]  enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'"); see also  Wilkerson v. New Media Technology Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008) ("The complaint must state 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'") (quoting Phillips, 515 F.3d at 235) (citations omitted).  What plaintiff actually is able to prove is a matter to be determined at summary judgment.  Similarly, whether any particular defendant must or should be deemed to be a party to the coal agreement or otherwise incapable of interfering or conspiring to interfere with the coal agreement, converting the fruits of the coal and stone agreements, being unjustly enriched and so forth, is not an undertaking that can be resolved as a matter of law at the pleading stage under the attendant circumstances.

        s/David Stewart Cercone
        David Stewart Cercone
        United States District Judge

cc:    George P. Chada, Esquire
       P. Brennan Hart, Esquire
       Brett C. Shear, Esquire
       Curtis M. Schaffner, Esquire
       James R. Hankle, Esquire

       (*Via CM/ECF Electronic Mail*)