IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NORMA JEAN SPENCER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:13cv334 |
| ) | **Electronic Filing** |
| **CRYSTAL WATERS, INC.**, **THOMAS** ) | |
| **H. LOUGHRY**, **JOHN W. LOUGHRY**, ) | |
| **TLH COAL, CO.**, **JONATHAN D.** ) | |
| **CLARK**, **WJT ENTERPRISES**, ) | |
| **WILLIAM J. MCINTYRE**, and ) | |
| **GRAY ROCK, L.L.C.**, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

AND NOW, this 28th day of September, 2015, upon due consideration of defendants' motion to supplement their motion for reconsideration with new evidence in support and the parties submissions in conjunction therewith, IT IS ORDERED that [75] the motion be, and the same hereby is, granted. The brief filed by David Spencer in opposition to preliminary objections in the related action in the Court of Common Pleas of Washington County (Doc. No. 75-1) is deemed to be part of the record to be considered in conjunction with defendant's pending motion for reconsideration; and

IT FURTHER IS ORDERED that upon due consideration defendants' motion for reconsideration and the parties' submissions in conjunction therewith, [67] the motion be, and the same hereby is, granted to the extent it seeks reconsideration of this court's order of September 8, 2014, based on the record as augmented to date. The motion is denied in all other respects and the order of September 8, 2014, denying defendants' motion to dismiss for failure to join an indispensable party under Rule 19 is affirmed.

The various premises advanced by defendants fail to show that David Spencer is an indispensable party under Rule 19. First, the fact that David Spencer has referenced this court's memorandum order of September 8, 2014, in the Washington County action as persuasive precedent fails to raise the specter of undue prejudice needed to make him a necessary party let alone an indispensable one. See Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 407 (3d Cir. 1993) (the potential effects of a court's rulings on an absent party's rights that flow from the doctrine of *stare decisis* fall short of requiring joinder as a necessary party under Rule 19(a)(2)(i)).

Second, David Spencer is not a party to this litigation nor does he control or direct plaintiff Norma Jean Spencer's decisions in it. Similarly, Norma Jean Spencer is not suing defendants as a representative of David Spencer. Consequently, David Spencer is not "in privity" with Norma Jean Spencer for the purposes of issue preclusion. See Huber v. Taylor, 532 F.3d 237, 251 (3d Cir. 2008) ("Privity, moreover, applies for issue preclusion purposes only when a non-party controls or directs the previous litigation or when a party is sued in its capacity as a representative of the non-party.") (citing Janney, 11 F.3d at 410 and Collins v. E.I. DuPont de Nemours & Co., 34 F.3d 172, 176 (3d Cir. 1994) (a relationship is considered to be sufficiently close for issue preclusion purposes "only when the party is a virtual representative of the non-party, or when the non-party actually controls the litigation.")). "The record in this case supports neither basis for a finding of privity." Id.

Third, the prediction that one or more defendants may be faced with a claim of issue preclusion in the forum opposite of the one that first reaches a final adjudication on the merits raises nothing more than the proposition that the parallel cases ultimately may give rise to a garden-variety application of issue preclusion. Of course, that proposition is less than remarkable and fails to identify a sound basis for finding David Spencer is indispensable. Janney

Montgomery Scott, 11 F.3d at 407 (to demonstrate that a federal adjudication will impair or impede an absent individual's ability to protect his or her interests in a subsequent state court proceeding "it must be shown that some outcome of the federal case that is reasonably likely can preclude the absent party with respect to an issue material to the absent party's rights or duties under standard principles governing the effect of prior judgments.").

Furthermore, as this court already has noted: the "multiple liability" clause in Rule 19 is intended to protect parties from situations in which compliance with one court order might compel them to breach the terms of a second inconsistent order.  See e.g. Micheel v. Haralson, 586 F. Supp. 169, 171 (E.D. Pa. 1983) (distinguishing between inconsistent adjudications and obligations and noting that Rule 19(a)(2)(ii) "protects against inconsistent obligations, not inconsistent adjudications; under the Rule a person is protected against situations in which there would be two court orders and compliance with one might breach the other.").  The fact that logically or practically inconsistent judgments for money damages might arise is not enough. See Schulman v. J.P. Morgan, 35 F.3d 799, 806 (3d Cir. 1994) ("Though it would be logically inconsistent for [the defendant] to succeed in this federal action on its defense that no lease existed with respect to the tortious interference claim, and the [absentee] landlord to lose in the state court action because the state court decided the parties' actions and oral communications brought a lease into existence, logical inconsistency does not make an absent party indispensable."); Field v. Volkswagenwerk AG, 626 F.2d 293, 301-02 (3d Cir. 1980) ("The possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic [does not] trigger the application of Rule 19."); 7 Moore's Federal Practice, § 19.03[4][d] (3rd ed. 2003) (the "multiple liability" clause is not generally intended to protect parties from differing outcomes in serial litigation for damages or other remedial relief; "Put

3

simply, having to write a check to one claimant and not to another is not the sort of inconsistent obligation the clause [in Rule19(a)(2)(ii)] addresses.").

In short, defendant's about face from complaining about the potential of being exposed to multiple and inconsistent obligations to complaining about the potential that one or more of them might be subject to uniform and consistent determinations through issue preclusion raises nothing more than the quin-essential complaint that defendants are being forced to defend against two claimants who assert causes of action in separate forums to recover money judgments for damages related to their respective ownerships of mineral rights. In our view this is not a situation that makes David Spencer indispensable and compels the dismissal of this action.

                                                        s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:     George P. Chada, Esquire
        P. Brennan Hart, Esquire
        Brett C. Shear, Esquire
        Curtis M. Schaffner, Esquire
        James R. Hankle, Esquire

        (*Via CM/ECF Electronic Mail*)