IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**NORMA JEAN SPENCER,**       )
                              )
    Plaintiff,            )
                              )
    v.                    )    2:13cv334
                              )    **Electronic Filing**
**CRYSTAL WATERS, INC.**, **THOMAS**  )
**H. LOUGHRY**, **JOHN W. LOUGHRY**,  )
**TLH COAL, CO.**, **JONATHAN D.**    )
**CLARK**, **WJT ENTERPRISES**,       )
**WILLIAM J. MCINTYRE**, and          )
**GRAY ROCK, L.L.C.**,                )
                              )
    Defendants.           )

## MEMORANDUM ORDER

AND NOW, this 28th day of September, 2015, upon due consideration of defendants' partial motion to dismiss plaintiff's second amended complaint and the parties' submissions in conjunction therewith, IT IS ORDERED that [68] the motion be, and the same hereby is, granted in apart and denied in part. The motion is granted as to the breach of fiduciary claim at Count V. The motion is denied in all other aspects without prejudice to raise - after the close of discovery - any advanced factual or legal basis for relief in a motion for summary judgment.

Plaintiff's claim for breach of fiduciary duty is untenable for a number of reasons. First, the facts pled do not create a reasonable inference that plaintiff was a third party beneficiary of the agreement between defendants Clark and TLH. "For appellees to be third party beneficiaries of a contract there must be a contract." Melley v. Pioneer Bank, N.A., 834 A.2d 1191, 1201 (Pa. Super. Ct. 2003). The Superior Court of Pennsylvania has opined:

> [A] party becomes a third party beneficiary only where both parties to the contract express an intention to benefit the third party in the contract itself, *unless,* the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties, and the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

Melley v. Pioneer Bank, N.A., 834 A.2d 1191, 1202 (Pa. Super. Ct. 2003) (quoting Scarpitti v. Weborg, 609 A.2d 147, 150-151 (Pa. 1992) (citations omitted) (emphasis in original); see also Restatement 2nd Contracts § 302.

Here, plaintiff is unable to identify a contract wherein two contracting parties expressed an intent to benefit her. Thus, the first basis for third party beneficiary status cannot be satisfied.

Recognition of third party beneficiary status under the second prong of the test likewise is unavailable here. The Pennsylvania courts have utilized the following in implementing the second component of the above-referenced test:

> The first part of the test sets forth a standing requirement which leaves discretion with the court to determine whether recognition of third party beneficiary status would be appropriate. The second part defines the two types of claimants who may be intended as third party beneficiaries. If a party satisfies both parts of the test, a claim may be asserted under the contract.

Id. (citing Scarpitti, 609 A.2d at 150).

A contractual relationship between Clark and TLH can be inferred from the complaint. However, a reasonable inference cannot be drawn that plaintiff was an intended or contemplated third party beneficiary of their agreement. There is no allegation that Clark expressed an intention to benefit plaintiff and the complaint fails to plead circumstances from which it reasonably can be inferred that Clark and TLH contemplated plaintiff as a third party beneficiary at any time.

Plaintiff avers the agreement between Clark, on behalf of Millcreek Processing, and TLH was established before she entered into a contract with TLH. Second Amended Complaint at ¶ 21, 46. This agreement provided that Millcreek would purchase and sell the coal mined on plaintiff's property. Id. at ¶ 21. But these averments do not reasonably imply that the contracting parties considered plaintiff to be a beneficiary. Furthermore, alleging Clark was aware that royalties would be owed to plaintiff does not set forth facts showing that the parties

contemplated that she would be a third party beneficiary of their agreement. Thus, plaintiff has failed to make a plausible showing that she was a third party beneficiary of Clark and TLH's relationship or any potential duty Clark owed TLH.

Second, the complaint fails to allege facts that give rise to a fiduciary relationship between the parties. "To plead a claim for breach of fiduciary duty under Pennsylvania law, the plaintiff must first prove the existence of a fiduciary relationship." Reginella Constr. Co, Ltd. v. Travelers Cas. And Sur. Co. of Am., 949 F. Supp.2d 599, 611 (W.D. Pa. 2013) *aff'd sub nom.* Reginella Const. Co. v. Travelers Cas. & Sur. Co. of Am., 568 F. App'x 174 (3d Cir. 2014) (citing e.g., In re Estate of Clark, 359 A.2d 777, 781 (1976)). The Pennsylvania Supreme Court has "recognized three categories of relationships between contracting parties" which include "an ordinary, arm's-length relationship," "an agency relationship," and "a confidential relationship." Wisniski v. Brown & Brown Ins. Co. of PA, 906 A.2d 571, 577 (Pa. Super. Ct. 2006) (citing Basile v. H & R Block, Inc., 761 A.2d 1115, 1120 (Pa. 2000)). A fiduciary relationship arises among contracting parties where there is an agency relationship or a confidential relationship. Id.

There are three requirements to establish an agency relationship: "'manifestation by the principal that the agent shall act for him, the agent's acceptance of the undertaking and the understanding of the parties that the principal is to be in control of the undertaking.'" Id. (quoting Basile, 761 A.2d at 1120)). "The key and distinctive feature of an agency relationship is the agent's power to affect the legal relationship of the principal with third parties . . . . " Id. (citing Basile, 761 A.2d at 1120)).

"'A confidential relationship is marked by such a disparity in position that the inferior party places complete trust in the superior party's advice and seeks no other counsel, so as to give rise to a potential abuse of power.'" Id. (quoting eToll, Inc. v. Elias/Savion Adver., Inc., 811

3

A.2d 10, 23 (Pa. Super. Ct. 2002)). In determining whether a confidential relationship arises "'[t]he critical question is whether the relationship goes beyond mere reliance on superior skill, and into a relationship characterized by overmastering influence on one side or weakness, dependence, or trust, justifiably reposed on the other side.'" Id. (quoting eToll, 811 A.2d at 23). One party merely "'rel[ying] and pa[ying] for the specialized skill or expertise of the other party'" does not establish a fiduciary relationship. Id. (quoting eToll, 811 A.2d at 23).

Plaintiff's averments give rise to neither an agency relationship nor a confidential relationship. Clark did not have the authority to affect plaintiff's legal relationship with third parties or bind her contractually. She was not even aware of Clark or Millcreek's relationship with TLH when she contracted with TLH. Second Amended Complaint at ¶ 41. Therefore, plaintiff and Clark could not have had an agency relationship.

Moreover, the parties did not have a confidential relationship. The circumstances do not represent a scheme where a dominant party takes advantage of a weaker party's trust. Even the lowest standards need to make a showing of reliance and influence between two parties are not satisfied here. Plaintiff was not aware of Clark's agreement with TLH to sell the coal, and therefore was incapable of relying on Clark in any degree. Consequently, a confidential relationship did not exist.

The facts alleged fail to raise the reasonable inference that discovery will produce evidence of either an agency or confidential relationship. In the absence of either of these relationships, a fiduciary duty claim cannot be maintained and Count V must be dismissed.

s/David Stewart Cercone<br>
David Stewart Cercone<br>
United States District Judge

cc: George P. Chada, Esquire
P. Brennan Hart, Esquire
Brett C. Shear, Esquire
Curtis M. Schaffner, Esquire
James R. Hankle, Esquire

(*Via CM/ECF Electronic Mail*)